Justin S. Pierce (State Bar #022646)
Stephen B. Coleman (State Bar #021715)
Alexandra N. Cayton (State Bar #038580)
**PIERCE COLEMAN PLLC**
17851 N. 85th Street, Suite 175
Scottsdale, Arizona 85255
Tel. (602) 772-5507
Fax (877) 772-1025
Justin@PierceColeman.com
Steve@PierceColeman.com
Alex@PierceColeman.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Armitage, Justin Ashton, Brent Bandura, Jacob Fletcher, Justin Hawley, Leo Hess, Matthew Kennedy, Robert Martinez, Shawn Willhite, and Maximilian Wulf, on behalf of themselves and as representatives for similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>Town of Gilbert, an Arizona municipality,<br><br>Defendant. | Case No:  2:25-cv-02935-GMS<br><br>**DEFENDANT'S MOTION TO TRANSFER** |

Defendant Town of Gilbert (the "Town") gives notice to this Court of a related case in this District (*Culbertson, et al. v. City of Mesa*, Case No. 2:25-cv-02341-SPL) before District Court Judge Steven P. Logan, which shares the same Plaintiffs' counsel, similarly situated parties, similar facts, and virtually identical legal issues.[1] In the interest of judicial economy, Defendant respectfully moves this Court for an Order

---
[1] For the Court's convenience, the complaint from *Culbertson* is attached as Exhibit A.

1

transferring the instant case (*Armitage, et al. v. Town of Gilbert*, Case No. 2:25-cv-02935-GMS) to Judge Logan pursuant to LRCiv 42.1(a).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This lawsuit concerns Plaintiffs' current or former employment with the Town's Fire Department. Doc. 1 at 3, ¶ 5. In their complaint filed August 14, 2025, Plaintiffs allege the Town violated the overtime compensation requirement of the Fair Labor Standards Act (the "FLSA") by incorrectly withholding overtime pay pursuant to a partial exemption, Section 7(k). Doc. 1 at 9-10, ¶¶ 29-34. Plaintiffs allege they are entitled to overtime compensation because they spent most of their time providing medical care and not engaging in fire protection activities. *Id.*

The Town seeks to transfer this case because *Culbertson* was assigned to Judge Logan in July 2025. *See generally* Exhibit A. In *Culbertson*, the plaintiffs are current and former employees for the City of Mesa ("Mesa") Fire Department and are represented by the same counsel as the Plaintiffs in *Armitage*. Exhibit A at 3, ¶ 5. The *Culbertson* plaintiffs similarly allege that they performed little to no fire protection activities and instead spent most of their time providing medical care during ambulance shifts. Exhibit A at 8, ¶¶ 25-26. The plaintiffs sued Mesa for allegedly violating the overtime compensation requirement of the FLSA. Exhibit A at 11, ¶¶ 34, 37. Specifically, the plaintiffs allege Mesa incorrectly used a partial exemption under the FLSA—Section 7(k)—to restrict the amount of overtime pay the plaintiffs earned during ambulance shifts. Exhibit A at 10, ¶¶ 31-33.

**ARGUMENT**

When two or more related cases are pending before different judges in the District of Arizona, Local Rule of Civil Procedure 42.1(a) permits the Court to transfer the case or cases to a single Judge "on the ground that the cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination

2

1  of substantially the same questions of law; or (5) for any other reason would entail
2  substantial duplication of labor if heard by different Judges."

3  Transfer is proper if doing so satisfies *any one* of the factors provided in LRCiv
4  42.1(a). *Gagan v. Estate of Sharar*, Nos. CIV 2:99–1427–PHX–RCB, CIV 2:08–
5  00018–PHX–EHC, 2008 WL 2810978, at *2 (D. Ariz. July 18, 2008). However,
6  "[t]hese factors are not binding on the Court's ultimate decision to grant or deny the
7  motion" to transfer, as the Court has broad discretion in its decision to transfer cases.
8  *Smith v. Sperling*, No. 11- 0722-PHX-PGR, 2011 WL 4101508, at *1-2 (D. Ariz. Sept.
9  14, 2011) (citing *Badea v. Cox*, 931 F.2d 573, 575 (9th Cir. 1991)); *see also Parra v.*
10 *Bashas' Inc.*, Nos. CV 02–0591 PHX RCB, CV 09–0209 PHX JAT, 2009 WL 1024615,
11 at *4 (D. Ariz. Apr. 15, 2009).

12 Multiple factors support transferring this case to Judge Logan. As is apparent
13 from the near identical underlying complaints (indeed, they are virtual carbon copies of
14 each other), the cases involve similarly situated parties, assert the same claims, and call
15 for determination of the same questions of law. Specifically, the plaintiffs in both cases
16 are former or current employees of municipal fire departments who performed
17 emergency medical services in the course of their employment. Both cases assert claims
18 against municipalities for allegedly violating the overtime pay requirements of the
19 FLSA. Additionally, both complaints allege the municipalities incorrectly relied upon
20 the same FLSA exemption to withhold overtime compensation. Finally, both complaints
21 make almost identical requests for relief.

22 Transferring this case to Judge Logan would also be economical and judicially
23 efficient. The two cases are at similar stages of litigation, as the complaints were filed a
24 little over a month apart. Transferring this case will cause little to no delay in the
25 litigation process for either matter. Given the substantial similarity between the parties
26 and claims, it is likely that the cases will require comparable discovery efforts. Finally,
27 because both cases involve the same questions of law, placing the cases before a single
28 judge will prevent inconsistent judgments and unnecessary duplicative labor.

**CONCLUSION**

To conserve time and judicial resources and promote judicial economy, and to avoid possible inconsistencies in the adjudication of these virtually identical cases, Defendant respectfully requests that this Court transfer this case to District Court Judge Steven P. Logan.

RESPECTFULLY SUBMITTED this 6th day of October 2025.

        **PIERCE COLEMAN PLLC**

        By /s/ *Justin S. Pierce*
           Justin S. Pierce
           Stephen B. Coleman
           Alexandra N. Cayton
           17851 N. 85th Street, Suite 175
           Scottsdale, Arizona 85255
           *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2025, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing, causing a copy to be electronically transmitted to the following ECF registrants:

Michael Napier
Kathryn R. E. Baillie
Napier, Baillie, Wilson, Bacon, & Tallone, P.C.
2525 E. Arizona Biltmore Circle, Suite 135
Phoenix, Arizona 85016-0001
Mike@napierlawfirm.com
Kathryn@napierlawfirm.com
*Attorneys for Plaintiffs*

Samy Y. Sugiura (*Pro Hac Vice*)
MOONEY, GREEN, SAINDON, MURPHY & WELCH, P.C.
1620 Eye Street, NW, Ste. 700
Washington, DC 20006
ssugiura@mooneygreen.com
*Attorneys for Plaintiffs*

By: /s/ Stephennie S. Stuart

4