Tracy A. Miller, AZ 015920
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.,
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone:  602-778-3700
Fax:  602-778-3750
tracy.miller@ogletree.com
Attorneys for Defendant City of Mesa

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Culbertson, Daniel Hammerl, Hunter Hansen, Daniel Knight, Craig Mcbride, Jason Mcvey, James Sell, David Silides, Joseph Tuipala, And Troy Walter, on behalf of themselves and as representatives for similarly situated individuals,<br><br>                    Plaintiff,<br><br>          v.<br><br>City of Mesa, Arizona, a governmental entity,<br><br>                    Defendant. | No.  25-cv-02341-SPL<br><br>**DEFENDANT CITY OF MESA'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** |

Defendant City of Mesa (the "City") moves to dismiss Plaintiffs' Amended Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.     Introduction

Plaintiffs' sole claim for unpaid overtime is based on their allegation that the City misapplied the partial exemption from overtime contained in Section 207(k) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§ 207(k). Plaintiffs allege that Section 207(k) is inapplicable because (1) they worked EMT or paramedic shifts in which they had no responsibility to engage in fire suppression; and (2) worked shifts in which they did not actually engage in any fire suppression activities. However, as the Amended Complaint

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602-778-3700

1  establishes, Plaintiffs meet the requirements of the exemption, and the City properly
2  adopted an alternative workweek for the purpose of calculating overtime as permitted
3  under Section 207(k). Plaintiffs' contention that the application of 207(k) is contemplated
4  on a shift-by-shift basis is completely without merit. Additionally, Plaintiffs do not—and
5  cannot—allege sufficient facts to support a claim for unpaid overtime under the FLSA.

6  **II.    Factual Background[1]**

7      Plaintiffs are sworn firefighters employed by the City. [Amended Complaint, Dkt.
8  12 ("Complaint" or "Compl."), ¶¶ 4, 24.] The City of Mesa Fire and Medical Department
9  ("MFMD") "[serves] the community through firefighting, fire prevention, medical
10 response, community outreach, transportation, special teams (including aircraft rescue,
11 firefighting, technical rescue, hazardous materials, and wildland), and in areas to assist in
12 safeguarding against loss of life and property." Mesa City Code § 3-2-1. MFMD employs
13 both sworn firefighters and unsworn civilian personnel who work in paramedic, EMT, and
14 other support functions.[2] *See* https://www.mesaaz.gov/Public-Safety/Mesa-Fire-
15 Medical/Job-Opportunities.

16     The Complaint seeks to certify an FLSA collective that includes all sworn personnel
17 who were employed with MFMD at any time within the past three years and who worked
18 shifts for MFMD as paramedics or EMTs during which they "performed no fire protection
19 activities and had no responsibility to perform any fire protection activities." [Compl. ¶ 5.]

---

[1] For the purposes of this Motion only, the City treats the allegations in the Complaint as if they are true. *See* Fed. R. Civ. P. 12.

[2] In ruling on a Motion to Dismiss, Courts may take judicial notice of publicly available information without converting it into a Motion for Summary Judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of information on a government-administered website whose accuracy was not disputed); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. Jan 30, 2015) ("Under [Federal Rule of Evidence] 201, the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies.") (citations omitted)); *Jarvis v. JP Morgan Chase Bank, N.A.*, No. CV 10-4184-GHK, 2010 WL 2927276, at *1 (C.D. Cal. July 23, 2010)( "[j]udicial notice may be taken of documents available on government websites.")

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

## III.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief ..." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a)(2), a complaint must contain sufficient factual content "to state a claim to relief that is plausible on its face..." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under *Twombly*, a complaint that offers "labels and conclusions...a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement" will not suffice. *Twombly*, 550 U.S. at 555, 557. Although the court must take "all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

A claim for unpaid overtime under the FLSA may be dismissed based on an exemption where facts establishing its application appear on the face of the complaint. *See U.S. Commodity Futures Trading Comm'n v. Monex Credit Co*., 931 F.3d 966, 973 (9th Cir. 2019); *Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 454 (S.D.N.Y. March 14, 2014); *Hartwig v. Am. Airlines Inc*., No. CV-23-00696-PHX-SMB, 2024 WL 4452749, at *2 (D. Ariz. Oct. 9, 2024). In determining whether an FLSA exemption applies, courts must apply "a fair (rather than a 'narrow') interpretation" of the statutory language. *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018).

## IV.  Plaintiffs Fail To State A Claim For Overtime Under The FLSA Because The City Was Permitted To Adopt An Alternative Workweek For The Purposes Of Calculating Overtime

Under the FLSA, covered employees are generally entitled to overtime compensation for hours worked beyond 40 in a workweek. 29 U.S.C. § 207(a)(1). Section 207(k), however, creates an exception for "any employee in fire protection activities or any employee in law enforcement activities." 29 U.S.C. § 207(k). The Section 207(k) partial exemption allows an employer to avoid paying overtime compensation to its employees engaged in "fire protection activities" until they work in excess of 212 hours in a 28-day

period, or a pro rata share thereof. *Id.* This partial exemption increases the FLSA's overtime limits and allows covered entities to adopt a longer work period for the purposes of calculating overtime wages. *Adair v. City of Kirkland*, 185 F.3d 1055, 1060 (9th Cir. 1999).

Plaintiffs do not dispute that the City adopted an alternative work period for the purpose of calculating their overtime. [Compl. ¶ 30.] Instead, Plaintiffs contend that the City's reliance on § 207(k) was improper (and they should be paid overtime in any week in which they worked more than 40 hours) because, during the relevant time period (i.e., the last three years), they worked shifts as a paramedic or EMT during which they performed no fire protection activities and had no responsibility to perform any fire protection activities. [*Id.* at ¶¶ 31-32, 45.] Notably, Plaintiffs fail to allege that they had no fire suppression responsibilities during the relevant three-year period. The allegations in the Complaint, and facts not reasonably subject to dispute, establish that Plaintiffs are "engaged in fire protection" as defined in Section 203(y) and are therefore partially exempt under Section 207(k).

A.    **Section 203(y) Of The FLSA Specifically Defines "Employee In Fire Protection Activities" And Establishes The Sole Criteria For Determining Whether Plaintiffs Are Partially Exempt Under § 207(K)**

Plaintiffs' contention that performing duties outside the exemption negates the applicability of the § 207(k) partial exemption is not supported by the text of the FLSA and is contradicted by Department of Labor ("DOL") guidance.

The text of the FLSA outlines the criteria of the Section 207(k) exemption by expressly defining "employee in fire protection activities." 29 U.S.C. § 203(y). Prior to the enactment of section 203(y), the Department of Labor (DOL) issued regulatory guidance regarding the applicability of 207(k) to fire personnel. *See* 29 C.F.R. § 553. 210 (52 FR 2032, Jan. 16, 1987; 52 FR 2648, Jan. 23, 1987, as amended at 76 FR 18856, Apr. 5, 2011); and § 553.212 (Jan. 8, 1987) (amended 2011). Previously, under 29 C.F.R. § 553.212(a), fire personnel who spent more than twenty percent of their working time performing nonexempt activities were not eligible for the partial exemption contained in 207(k). *Id.* at § 553.212(a). In 1999, Congress amended the FLSA, adding section 203(y) to "clarify the

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

overtime exemption for employees engaged in fire protection activities." Pub. L. No. 106-151, 113 Stat. 1731 (codified as amended at 29 U.S.C. § 203(y)). "Altering statutory definitions, or adding new definitions of terms previously undefined, is a common way of amending statutes." *Rivers v. Roadway Express, Inc*., 511 U.S. 298, 299 (1994). "When Congress alters the wording of a statute, [Courts] presume that Congress intended a change in the law." *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999).

Thereafter, the DOL rescinded 29 C.F.R. § 553.212(a), which imposed the 20% limitation on nonexempt work, with respect to employees engaged in fire protection. *See* U.S. Dep't of Labor, Employees Engaged in Fire Protection Activities, 76 Fed. Reg. 18837 (Apr. 5, 2011) (amending 29 C.F.R. pt. 553.212). The DOL acknowledged that in enacting Section 203(y), "Congress defined, without further limitation, the criteria for when an employee qualifies as 'an employee in fire protection activities.'" *Id.* Accordingly, under current DOL guidance, "[t]here is no limit on the amount of nonexempt work that an employee employed in fire protection activities may perform" so long as the employee meets the criteria outlined in Section 203(y). *See* U.S. Dep't of Labor, Wage & Hour Div., Fact Sheet #8: Police and Firefighters under the FLSA (March 2011) ("DOL Fact Sheet # 8") https://www.dol.gov/agencies/whd/fact-sheets/8-flsa-police-firefighters.

### B.    Plaintiffs Meet The Requirements Of Section 203(y)

Under the FLSA, an "employee in fire protection activities" is an employee, including a firefighter, paramedic, emergency medical technician, rescue worker, ambulance personnel, or hazardous materials worker, who: (1) is trained in fire suppression; (2) has the legal authority and responsibility to engage in fire suppression; (3) is employed by a fire department of a municipality, county, fire district, or State; and (4) is engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the environment is at risk. 29 U.S.C. § 203(y). Plaintiffs' allegations establish that their employment with the City meet each of these criteria.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

1

### 1.    Plaintiffs are trained in fire suppression.

As set forth in the Complaint, Plaintiffs are all "sworn" personnel employed as "firefighters, engineers, and/or officers." [Compl. ¶¶ 4, 24.] To become a sworn firefighter, engineer, or officer with MFMD, Plaintiffs were required to complete the Mesa Firefighter Recruit Training Academy, which requires training in fire suppression. *See* https://apps.mesaaz.gov/jobdescriptions/Documents/JobDescriptions/cs4333.pdf.

The City's requirements for this position further establish that firefighters must have knowledge of "firefighting methods and modern fire prevention practices" as well as "skill in the operation and care of fire apparatus and equipment." *Id.*; *see also McGavock v. City of Water Valley, Miss.,* 452 F.3d 423, 424 (5th Cir. 2006) (implying that firefighters who graduated from the fire academy were "trained in fire suppression" for the purposes of Section 203(y)).

### 2.    Plaintiffs have the responsibility to engage in fire suppression.

An employee has a responsibility to engage in fire suppression if they have a "real obligation or duty to do so." *Cleveland v. City of Los Angeles*, 420 F.3d 981, 990 (9th Cir. 2005)*; Lawrence v. City of Phila.*, 527 F.3d 299, 312 (3d Cir. 2008); *Zimmerli v. City of Kansas City, Mo*., 996 F.3d 857, 867 (8th Cir. 2021). If a fire occurs, "it must be [Plaintiffs'] job to deal with it." *Cleveland* at 990. Here, Plaintiffs do not allege that they do not have *any* fire suppression responsibilities. Instead, Plaintiffs contend that they are not within the partial exemption because they worked certain shifts in which they did not engage in fire protection activities or have any responsibility to engage in fire suppression activities. [Compl. ¶¶ 4, 24-33.] This argument fails because, as outlined in Section IV(A), *supra*, the FLSA does not impose any limitation on the amount of nonexempt work an employee who otherwise complies with the requirements of Section 207(k) may perform, and as sworn personnel, Plaintiffs are regularly tasked with and responsible for engaging in fire suppression. The City of Mesa Firefighter Job Description provides that sworn Firefighters have the responsibility to "perform public safety work involving the protection of life and property by **fighting fires**..." (emphasis added) *See*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

1    https://apps.mesaaz.gov/jobdescriptions/Documents/JobDescriptions/cs4111.pdf.    This

2    position further requires the use of, "heavy motorized firefighting equipment operation and

3    a variety of methods and tasks in firefighting, fire prevention, and related activities." *Id.*

4    MFMD Firefighters are specifically required to:

> [Respond] to emergency incidents, fight fires, and utilize either basic life
> support (BLS) or advanced life support (ALS) and/or paramedic skills. [Use]
> firefighting equipment, including fire hoses or apparatus at emergency
> incidents…[Direct] water streams on fires... [Operate]…hydraulic or
> pneumatic rescue equipment to rescue trapped or endangered persons and to
> force entry into locked vehicles or structures, fire apparatus during fire
> suppression activities, and motor vehicles…[Use] axes, pry tools, and pike
> poles to enter vehicles or structures. [Use] common hand tools to overhaul a
> fire scene and perform routine fire apparatus maintenance duties. [Perform]
> searches and rescues inside burning buildings. [Move] dirt and burned
> building debris to rescue trapped or endangered persons and to overhaul
> burned out structures. [Move] heavy objects … in performing firefighting
> and related duties. [Ventilate] burning buildings by opening windows and
> holes in roofs and floors. [Position] and [climb] ladders to gain access to
> upper building levels. [Work] in small, cramped areas when rescuing
> trapped, endangered, or injured people. [Dig] up ground to fight brush fires
> and rescue trapped persons from cave-ins...

16    [*Id*. at pg. 2-3.]

17          These mandatory job requirements demonstrate that Plaintiffs have a responsibility

18    to engage in fire suppression as contemplated under Section 203(y). *See Lawrence v. City*

19    *of Philadelphia, Pa*., 527 F.3d 299, 317 (3d Cir. 2008). As the Ninth Circuit reasoned in

20    *Cleveland v. City of Los Angeles*, a person is properly considered as having a

21    "responsibility" to perform a duty if it is "required...as part of a job, role or legal

22    obligation." 420 F.3d 981, 989 (9th Cir. 2005) (*quoting* New Oxford American Dictionary

23    (2001). In *Cleveland*, however, the Court of Appeals determined that the dual-function

24    paramedics did not have sufficient responsibility to engage in fire suppression as required

25    under Section 207(k) where they were "expected to perform only medical services," and

26    there was no evidence that they were expected to or ever did engage in any fire suppression

27

28

during the relevant period.[3] 420 F.3d 981, 990. Here, as sworn firefighters, Plaintiffs are responsible for performing firefighting responsibilities, which expressly include engaging in fire suppression. [Compl. ¶¶ 4, 24.]

In *Davis v. Jasper Cnty.,* No. 9:21-CV-03964-BHH, 2024 WL 3595355, at *4 (D.S.C. July 30, 2024) a district court determined that a dual-function, "Firefighter/Paramedic" had sufficient fire suppression responsibility, even where she was primarily assigned to work on an ambulance and performed medical functions 90 percent of the time. *Id*. at *3. The *Davis* court reasoned, however, that the text of the FLSA does not require that an individual "engage in fire prevention and suppression with any specified frequency." *Id*. at *5. Like the plaintiff in *Davis*, who responded to both medical and fire emergencies, Plaintiffs allege they are required to administer emergency medical services (during both paramedic/EMT shifts and non-paramedic/EMT shifts) but do not (and cannot dispute) that they have the responsibility to engage in fire suppression during non-paramedic/EMT shifts. [Compl. ¶¶ 4, 24-29.]

Relatedly, the City enrolls all **sworn** fire personnel in the Arizona Public Safety Personnel Retirement System ("PSPRS") as codified in A.R.S. § 38-863. *See* City of Mesa, Resolution No. 12374 (2025).[4] PSPRS is only available to employees, "regularly assigned to hazardous duty" including "municipal firefighters," and is not available to civilian EMTs or paramedics. A.R.S. § 38-842(24). Under PSPRS a covered employee is "regularly assigned to hazardous duty" if they are regularly assigned to the kinds of duties typically expected of law enforcement officers or firefighters. *Id* at subsection (42). If Plaintiffs did not have any fire suppression responsibilities, they would not be eligible for PSPRS

---

[3] The Ninth Circuit's decision in Cleveland was determined under the now outdated framework for interpreting exemptions under *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392 (1960), which required courts to "narrowly [construe]" exemptions. *See Cleveland* at 988. At present, when determining whether the FLSA exemption applies, courts apply "a fair (rather than a 'narrow') interpretation" of the statutory language. *Encino Motorcars* at 1142.

[4] https://mcclibraryfunctions.azurewebsites.us/api/munidocDownload/31108/80b7f57da3ea1/pdf.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

coverage.

> **3.    Plaintiffs are employed by a fire department of a municipality, county, fire district, or State.**

Plaintiffs affirmatively allege that they worked for the MFMD. [Compl. ¶¶ 1, 5.]

> **4.    Plaintiffs are engaged in the "the prevention, control, and extinguishment of fires" or "[respond] to emergency situations where life, property, or the environment is at risk."**

The allegations in the Complaint and facts not subject to reasonable dispute establish that in the course of their employment with the City, Plaintiffs are engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the environment is at risk. [Compl. ¶¶ 26, 29.] Plaintiffs' allegation that they spent most of their time providing medical care rather than engaging in fire protection activities is immaterial and does not defeat the exemption. *See Davis*, *supra*.

Plaintiffs attempt to avoid 207(k) by alleging statistical data regarding the types of emergency calls to which MFMD responds. [Compl. ¶ 28.] This argument ignores the plain language of the exemption, which requires that the employees "are engaged in the prevention, control, and extinguishment of fires **or** response to emergency situations where life, property, or the environment is at risk. 29 U.S.C. § 203(y) (emphasis added). Plaintiffs expressly allege in the Complaint that they routinely provide emergency medical response, satisfying this requirement of Section 203(y). [Compl. ¶ 28.] This allegation alone establishes satisfaction of the last prong in Section 203(y).

> **C.    Plaintiffs' Contention That The Partial Exemption Contained In 207(K) Should Be Determined On A Shift-By-Shift Basis Is Not Supported By The Text Of FLSA Or Any Regulation Or Other Authority.**

Plaintiffs attempt to avoid the partial exemption by alleging that Section 207(k) is inapplicable because they: (1) worked EMT or Paramedic shifts for the MFMD in which they had no responsibility to engage in fire suppression; and (2) worked shifts in which they did not actually engage in any fire suppression activities. [Compl. ¶ 31.] These allegations do not establish that Plaintiffs are outside the exemption and Plaintiffs'

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

1   contention that 207(k) (or any exemption under FLSA) should be contemplated on a shift-
2   by-shift basis is without any legal support.

3          An employee who performs some nonexempt work does not lose their exempt status
4   under the FLSA by virtue of doing so. *See Counts v. S.C. Elec. & Gas Co.*, 317 F.3d 453,
5   456 (4th Cir. 2003) (holding that otherwise exempt employees at a nuclear station were not
6   entitled to overtime pay for nonexempt work performed in connection with periods of
7   routine maintenance because during the "natural business cycle" of eighteen months "the
8   performance of nonexempt work for five or six weeks out of every eighteen months could
9   not alter the plaintiffs' exempt status"); *see also Renfro v. Ind. Mich. Power Co.*, 370 F.3d
10  512, 517 (6th Cir. 2004) (holding that employees were not "preclude[d] from otherwise
11  meeting the [administrative] exemption" by virtue of completing a one or two month "ice
12  removal project" involving nonexempt manual labor during the course of their
13  employment).

14         No provision of the FLSA or any applicable regulations or other authority limits the
15  amount of nonexempt work an "employee in fire protection activities" may perform
16  without losing their exempt status. When Congress amended 203(y), the DOL revised
17  29 C.F.R. § 553.212(a) to eliminate the 20% cap on the performance of nonexempt work
18  for employees, "engaged in fire protection." *See* U.S. Dep't of Labor, Employees Engaged
19  in Fire Protection Activities, 76 Fed. Reg. 18837 (Apr. 5, 2011) (amending 29 C.F.R. pt.
20  553.212(a)). Under current DOL guidance, there is no limit on the amount of nonexempt
21  work a fire protection employee may perform, provided they meet the criteria in Section
22  203(y). *See* DOL Fact Sheet #8, *supra* IV(A). Subsection (b) of section 553.212 further
23  undermines Plaintiffs' contention that the performance of nonexempt work defeats the
24  Section 207(k) exemption. 29 C.F.R. § 553.212(b). This section provides that "[p]ublic
25  agency fire protection and law enforcement personnel may, at their own option, undertake
26  employment for the same employer on an occasional or sporadic and part-time basis in a
27  different capacity from their regular employment" and critically, "[t]he performance of
28  such work **does not affect the application of [section 207(k)]** with respect to the regular

employment." 29 CFR § 553.212(b) (internal citations omitted)(emphasis added). Accordingly, Section 207(k)'s interpreting regulations clearly contemplate and ultimately authorize employees to perform nonexempt work without losing their partially exempt status under Section 207(k).

**V.    Plaintiffs Fail To Plead Sufficient Facts To State A Claim Under The FLSA**

When applying *Twombly* and *Iqbal* to FLSA overtime claims, the Ninth Circuit requires that plaintiffs allege more than that they worked overtime and are owed overtime wages. *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), as amended (Jan. 26, 2015). To state a plausible claim for unpaid overtime, Plaintiffs must supply "sufficient detail about the length and frequency of [their] unpaid work" sufficient to "support a reasonable inference" that they are entitled to overtime. *Harbaugh v. Pac. Cap. Enters. LLC*, No. CV-19-04720-PHX-JAT, 2020 WL 2840053, at *2 (D. Ariz. June 1, 2020). Plaintiffs fail to do so.

Plaintiffs' claims are based on their allegations that the City improperly applied the partial exemption to periods in which they worked paramedic or EMT shifts or to shifts in which they did not respond to fire-related calls. [Compl. ¶¶ 31-32.] Plaintiffs identify three specific work periods in which they contend the City improperly deprived them of overtime compensation (Compl. at ¶ 32) but do not include any further information establishing plausibility.[5] *Landers* at 645. Plaintiffs do not estimate their average workweek during the applicable periods, the average rates they were paid, or the amount of overtime wages they believe they are owed.[6] *Id.*   "[G]eneralized allegations" regarding violations stemming

---

[5] In the Complaint, Plaintiffs allege that they are owed overtime compensation during three specific work periods but in the same paragraph summarily allege that they are owed overtime for every work period from 2022-2024. [Compl. ¶¶ 31, 46.]

[6] Plaintiffs' failure to allege these facts is significant because they were paid time-and-a-half for all ambulance shifts where they served as EMTs or paramedics. Even if exemption status should be evaluated on a shift-by-shift basis, Plaintiffs' allegations do not establish a violation of the FLSA. Plaintiffs must but did not, and cannot, allege sufficient facts to establish an entitlement to overtime and a failure to pay overtime, and this pleading deficiency requires more than a reference to time records.

from an employer's policy are insufficient to establish plausibility. *Id*. at 638.

Plaintiffs' conclusory allegations amount to improper "statutory recitations" and do not meet the plausibility requirements of *Twombly*/*Iqbal*. *See Bell v. TopGolf USA Riverwalk, LLC*, No. CV-17-01110-PHX-SPL, 2018 WL 11469953, at *2 (D. Ariz. Mar. 30, 2018) (Logan, J.) (plaintiff's allegations that he and FLSA class members "[were] required to and [did] in fact work more than forty (40) hours per workweek [but were] not compensated at the FLSA mandated time-and-a-half for hours in excess of forty (40) per workweek" were conclusory and lacked sufficient detail to state a plausible claim). Accordingly, Plaintiffs' sole claim (and thus the Complaint in its entirety) should be dismissed.

## VI.    <u>Conclusion</u>

For the foregoing reasons, the City respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety with prejudice. The allegations in the Complaint confirm that Plaintiffs are employees in fire protection and are subject to the partial exemption provided by Section 207(k) of the FLSA. Moreover, Plaintiffs do not—and cannot—allege sufficient facts to support a claim for unpaid overtime under the FLSA.

RESPECTFULLY SUBMITTED this 14th day of October 2025.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  *s/ Tracy A. Miller*
Tracy A. Miller
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ  85016
Attorneys for Defendant City of Mesa

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700