**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Steven Culbertson, et al.,

     Plaintiffs,

vs.

City of Mesa,

     Defendant.

No.  CV-25-02341-PHX-SPL

**ORDER**

Before the Court is Defendant City of Mesa's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 18), Plaintiffs' Response (Doc. 22), and Defendant's Reply (Doc. 23). For the following reasons, the Motion will be granted.[1]

**I.  BACKGROUND**

This action was initiated on July 4, 2025. (Doc. 1). On September 18, 2025, Plaintiffs Steven Culbertson, Daniel Hammerl, Hunter Hansen, Daniel Knight, Craig McBride, Jason McVey, James Sell, and Joseph Tuipala filed the Amended Complaint, which is the operative complaint in this case. (Doc. 12). Plaintiffs are current or former employees of the Mesa Fire & Medical Department who allege that they were denied overtime compensation under the Fair Labor Standards Act ("FLSA") when they worked shifts as a paramedic or emergency medical technician ("EMT"). (*Id.* at 3, ¶ 5). Plaintiffs

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

bring the case as a putative FLSA collective action. (*See* Doc. 12).

Plaintiffs allege that in 2018, Defendant City of Mesa "began providing ambulance services to the Mesa community through Mesa Fire & Medical Department." (Doc. 12 at 2, ¶ 1). Though the ambulance service employs 74 civilian paramedics and EMTs, Plaintiffs allege that Defendant Mesa "has primarily used and relied upon sworn personnel from the Mesa Fire Department to staff and run" the ambulance service. (*Id.* at 3, ¶ 4). Further, the Mesa Fire & Medical Department "operates in a region in which nearly all the emergency calls they respond to are medical in nature," so Plaintiffs "rarely, if ever, engage in fire protection activities." (*Id.* at 7, ¶ 21). Plaintiffs allege that when working shifts on the ambulance service, Plaintiffs "have no responsibility to engage in fire protection activities." (*Id.*).

Plaintiffs' overtime compensation is structured based on 29 U.S.C. § 207(k), an exemption under FLSA that "permits public agencies like Mesa to adopt an alternative work period for employees who are engaged in fire protection activities." (*Id.* at 10, ¶ 30). Under that exemption, Plaintiffs are "ineligible to earn overtime compensation until they had worked more than 204 hours in a 27-day period. (*Id.*). Plaintiffs' claim is that Defendant Mesa violated FLSA by failing to pay overtime and applying the exemption in § 207(k) to Plaintiffs when they were working as a paramedic or EMT. (*Id.* at 14). Plaintiffs request monetary damages and liquid damages for back pay and unpaid compensation. (*Id.* at 17).

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When

deciding a motion to dismiss, "all allegations of material fact" in the complaint "are taken as true and construed in the light most favorable to the nonmoving party." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted).

### III.    DISCUSSION

Defendant Mesa argues that Plaintiffs "fail to allege that they had no fire suppression responsibilities during the relevant three-year period" and the facts in the complaint "establish that Plaintiffs are 'engaged in fire protection' as defined in Section 203(y) and are therefore partially exempt" under § 207(k). (Doc. 18 at 4). In addition, Defendants argue that Plaintiffs have not pled sufficient facts "about the length and frequency" of the alleged unpaid work to plausibly show that they are entitled to overtime compensation. (*Id.* at 11).

### A. Exemption in Section 207(k)

FLSA provides "for the payment of premium overtime compensation at one and one-half times the regular rate when an employee works more than forty hours in a seven-day week." *Cleveland v. City of Los Angeles*, 420 F.3d 981, 985 (9th Cir. 2005) (citing 29 U.S.C. § 207(a)). However, section 207(k) provides an exemption to this rule for "employment by public agency engaged in fire protection or law enforcement activities." § 207(k). "Under this exemption, an employer must compensate fire protection employees with payment of premium overtime payment only after 204 hours of work within a twenty-seven-day period." *Cleveland*, 420 F.3d at 985 (citing § 207(k)(2)). In 1999, Congress amended FLSA to define an "employee in fire protection activities" as follows:

> [O]ne who: (1) is trained in fire suppression; (2) has the legal authority and responsibility to engage in fire suppression; (3) is employed by a fire department of a municipality, county, fire district, or State; and (4) is either engaged in the prevention, control, and extinguishment of fires or responds to emergency situations where life, property, or the environment is at risk.

*Cleveland*, 420 F.3d at 989 (citing 29 U.S.C. § 203(y) (emphasis added)).

In *Cleveland v. City of Los Angeles*, the Ninth Circuit considered whether the plaintiffs, who were sworn firefighters, had the responsibility to engage in fire suppression

3

when they were working as paramedics on ambulances within the meaning of FLSA. *Id.* at 984–89. The parties' briefing in this matter contemplates the same question. (*See* Docs. 18, 22, 23). In *Cleveland*, the Ninth Circuit upheld the district court's finding that the City did not show that the firefighters acting as paramedics ("dual function paramedics") had the responsibility to engage in fire suppression based on the evidence in the record. *Id.* at 990–91. The court's decision was based on evidence including the kinds of equipment in the ambulances as well as the type of work performed by the dual function paramedics. *Id.* at 990. Because it found that the City did not show the plaintiffs were employees engaged in fire protection, the Ninth Circuit upheld the district court's finding that the § 207(k) exemption did not apply to the dual function paramedics.

Here, the parties dispute whether Plaintiffs meet the four requirements of section 203(y)—specifically, whether Plaintiffs have the responsibility to engage in fire protection activities when working as paramedics or EMTs. However, the Court need not reach that question in this Order. Even assuming Plaintiffs sufficiently allege that they do not have the responsibility to engage in fire protection while working on the ambulance service, their FLSA claim for failure to pay overtime still fails. As will be explained below, Plaintiffs failed to provide sufficient facts to state a claim for failure to pay overtime wages under FLSA.

### B. Pleading Standard for FLSA claims

The Ninth Circuit first addressed "the degree of specificity required to state a claim for failure to pay minimum wages or overtime wages under the FLSA" in light of *Twombly* and *Iqbal* in *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014). The Ninth Circuit held that "in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id.* at 644–45. It is not necessary for a plaintiff to plead with approximation the number of overtime hours unpaid. *Id.* at 645 ("[W]e decline to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA.").

The court explained that plausibility is "context-specific," and a plaintiff may establish a claim "by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* In short, a plaintiff "should be able to allege facts demonstrating there was at least one workweek" in which they worked over forty hours and were not compensated under FLSA. *Id.*

In the Amended Complaint, Plaintiffs do not plead facts to show that they worked in excess of forty hours in any given week without being compensated for the excess time in that week. Plaintiffs allege that the exemption "was improper and did not apply to Plaintiffs and the other members of the Mesa [Fire Department] Collective during nearly every work period from 2022-2024. As a result, from 2022-2024, Plaintiffs and the other members of the Mesa [Fire Department] Collective are owed overtime compensation for every work period that did not include time off due to vacation, sick leave, or a holiday." (Doc. 12 at 15, ¶ 46).[2] This allegation appears to assert that Plaintiffs were improperly exempted from overtime pay during "nearly every work period from 2022-2024." *Id.* However, the complaint does not allege that Plaintiffs are actually entitled to overtime compensation during any given workweek because they worked in excess of forty hours in a given week. *See also Salazar v. Driver Provider Phoenix LLC*, No. CV-19-05760-PHX-SMB, 2020 WL 5748129, at *5 (D. Ariz. Sept. 24, 2020) ("Thus, the fact that the Plaintiffs here are seeking class certification does not excuse them from alleging the named Plaintiffs' claims with sufficient factual detail.").

In the Amended Complaint, Plaintiffs allege that they do not know, precisely, how much they are owed by Defendant because "the employment and work records for Plaintiffs and other members of the Mesa [Fire Department] Collective are in the exclusive possession, custody and control of Defendant[]." (Doc. 12 at 16, ¶ 50). Indeed, the Ninth

---

[2]    Plaintiffs allege, for "notice purposes only," that they are owed overtime compensation for the weeks of February 26–March 3, 2023, July 30–August 5, 2023, and November 2024. (Doc. 12 at 11, ¶ 32). However, Plaintiffs do not provide any explanation behind that assertion. (*See id.*).

Circuit has acknowledged that a plaintiff need not allege compensation owed "with mathematical precision" because "most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants." *Landers*, 771 F.3d at 645–46 (citations omitted). However, Plaintiffs must still provide some facts plausibly showing that they worked over forty hours a week but were not compensated accordingly. Therefore, the Court will deny the amended complaint without prejudice.

## IV.   CONCLUSION

Defendant Mesa's Motion to Dismiss (Doc. 18) will be granted. Plaintiffs' claims are based on the overarching allegation that they should not be exempted as employees in fire protection activities when they are working on the ambulance service, and therefore, they are entitled to overtime pay. However, Plaintiffs do not allege sufficient facts to state a claim for overtime payments because they do not allege that they worked in excess of forty hours in any given workweek. Even assuming Plaintiffs are not exempted, there are no facts upon which the Court can plausibly infer that Plaintiffs are entitled to overtime pay under FLSA.

However, Plaintiffs will be granted leave to amend the complaint because additional facts could cure this defect. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Accordingly,

**IT IS ORDERED** that Defendant City of Mesa's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 18) is **granted**.

**IT IS FURTHER ORDERED** that that Amended Complaint (Doc. 12) is **dismissed without prejudice** and **with leave to amend**.

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to file a Second Amended Complaint in accordance with this Order no later than **May 21, 2026**.

**IT IS FINALLY ORDERED** that if Plaintiffs elect not to file an amended complaint by **May 21, 2026**, the Clerk of Court shall enter judgment dismissing this action without further order of this Court.

Dated this 7th day of May, 2026.

Honorable Steven P. Logan
United States District Judge

7